## Commonwealth v. Bortlik

*Fred W. Davis,* district attorney, for Commonwealth.
*Conrad A. Falvello* and *A. W. Williams,* for defendant.

SHULL, P. J., March 2, 1942.—This matter comes before the court upon an appeal from a justice of the peace. This appellant was arrested on a warrant based upon an information charging:

". . . that Frank Bortlik, 188 Smith Street, of the Borough of East Stroudsburg in the County of Monroe and State of Pennsylvania, on or about the 30th day of August, 1941, at the Borough of East Stroudsburg in the County of Monroe and State of Pennsylvania, did on the above date, at or about 8:45 o'clock p.m., d. s. t., unlawfully hawk or peddle The Watchtower a magazine within the Borough of East Stroudsburg, County and State aforesaid, without license, contrary to the provisions of an ordinance of the said Borough of East Stroudsburg approved the 13th day of June, 1938, published according to law, and enrolled in Ordinance Book No. 4, at page 18, Ordinance No. 276; which said ordinance is, in part, as follows, to wit:

"Every person, whether principal or agent, (except persons exempted by the laws of the Commonwealth of Pennsylvania or the United States of America) is forbidden to hawk or peddle any goods, wares or merchandise or any article of trade, within the limits of the

Borough of East Stroudsburg, unless and until a license therefor is procured."

While under superficial construction of the first section of this ordinance it might appear that a sale upon the street of a religious magazine for five cents would be a violation of its provisions, for the evidence discloses that there was one sale of a religious magazine known as "The Watchtower", a careful reading of this ordinance convinces us that it was not the purpose or intent to include within its provisions a sale such as was here made of a religious magazine. Particularly are we impressed with this when we read the fifth section of the ordinance, under which this prosecution was brought, which section provides:

"Section 5. That the fee to be charged upon the issuance of any license hereunder shall be twenty-five dollars ($25.00) per year, provided not more than one vehicle be used; and if more than one vehicle is used, the fee to be charged shall be twenty-five dollars ($25.00) for each vehicle used in said hawking and peddling; and provided further, in the event any person, firm or corporation shall have more than one person hawking or peddling from the same vehicle, the fee for such additional person or persons shall be twenty-five dollars ($25.00) per year for each additional person."

The circumstances surrounding this case as disclosed by the evidence are such that even should we feel that technically this matter fell without the prohibited hawking or peddling, it is within the class of things to which the legal maxim "de minimis non curat lex" well applies, and for these reasons the judgment of the justice of the peace should be reversed.

And now, March 2, 1942, the judgment of the justice of the peace is reversed, the proceedings are quashed, and defendant discharged sine die, costs to be paid by the County of Monroe.